Jason Schwartz, Esq.
Friedman Vartolo LLP
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
Attorneys for SN Servicing Corporation as
Servicer for U.S. Bank Trust National Association
as Trustee of the Cabana Series III Trust
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: | : CASE NO.: 23-12206-RG |
|  | : |
|  | : CHAPTER: 13 |
| Jeanette Marie Valle | : |
| aka Jeanette Marie Colon | : HON. JUDGE: |
|  | : |
| Debtor. | : Rosemary Gambardella |
|  | : |
|  | HEARING DATE: May 3, 2023 at 10:00 am |

-----------------------------------------------------------------X

## **MOTION TO CONFIRM VALIDITY OF SHERIFF'S SALE OR IN THE ALTERNATIVE IN REM RELIEF FROM AUTOMATIC STAY**

SN Servicing Corporation as Servicer for U.S. Bank Trust National Association as Trustee for Cabana Series III Trust, (hereinafter "Creditor" or "Movant"), hereby moves this Court for an Order: Confirming the March 17, 2023 Sheriff's Sale or in the alternative (i) vacating any automatic stay which may be in effect with respect to certain real property having an address of 48 E Broad ST, Bergenfield, NJ 07621 (hereinafter the "Subject Property") 11 U.S.C. 362(d)(1) 11 U.S.C. 1301 and also 11 U.S.C. § 362(d)(4) 11 U.S.C. 1301 (ii) granting in rem relief with respect to certain real property having an address of 48 E Broad ST, Bergenfield, NJ 07621 for a period of at least two years pursuant to 11 U.S.C. § 362(d)(4) 11 U.S.C. 1301; (iii) waiving the stay provision of Fed. R. Bankr. Pr. 4001(a)(3); (iv) for such other and further

relief as is just and proper. In support of the motion (hereinafter the "Motion for Relief"), Creditor respectfully submits that:

## BACKGROUND

1.      The Movant is the holder of a Note and Mortgage, dated October 11, 2007.  The Note was given by Jeanette M Valle ("Debtor") in the original principal amount of $557,650.00 secured by the Subject Property.  The Mortgage was given by the Debtor.  The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage dated June 7, 2019.  Copies of the Note, Mortgage, and Assignments of Mortgage are annexed hereto as **"Exhibit A", "Exhibit B" and "Exhibit C."**

2.      Debtor entered into a loan modification effective October 1, 2018 with prior servicer Nationstar Mortgage LLC that created a new principal balance of $1,269,511.82.  A copy of the loan modification is annexed hereto as **"Exhibit D"**.

3.      Debtor has filed a total of three (3) bankruptcies since inception of the loan.

4.      Debtor and Paul Valle, Sr. filed a Pro Se Chapter 13 filing, bankruptcy No. 16-31015-RG on November 2, 2016.   The bankruptcy was dismissed by an Order dated November 23, 2016  for failure to file documents.   A copy of the dismissal order is annexed hereto as **"Exhibit E"**.

5.      Movant initiated foreclosure proceedings on March 4, 2021 in the Superior  Court of New Jersey under Case No. SWC F-001176-21.  A copy of the foreclosure docket is annexed hereto as "**Exhibit F"**.

6.      Final Judgment was obtained on October 14, 2021.   A copy of the Judgment Order is annexed hereto as **"Exhibit G"**.

7.      A Sheriff's Sale was scheduled for February 25, 2022 and adjourned several times to June 3, 2022.   A copy of the Notices of Sale are annexed hereto as **"Exhibit H"**.

8.      Debtor filed a Chapter 13 filing, bankruptcy No. 22-14435-RG on June 3, 2022, staying the Sale scheduled for the same day.   The bankruptcy again was dismissed by an Order dated August 25, 2022  for failure to file documents.   A copy of the dismissal order is annexed hereto as **"Exhibit I"**.

9.      A Sheriff's Sale was then scheduled for March 17, 2023 at 1:00 pm.   A copy of the Notice of Sale is annexed hereto as **"Exhibit J"**.

10.     The property located at 48 E Broad St., Bergenfield, NJ 07621 was sold at the Bergen County Sheriff's Sale at 1:14 p.m on March 17, 2023.

11.     Debtor filed this instant filing again on the day of the scheduled sale.  A copy of the petition is annexed hereto as **"Exhibit K"**.  The petition shows the bankruptcy was filed at 13:58:15, after the commencement of the March 17, 2023 Bergen County Sheriff's Sale.

12.     The instant filing is again a deficient filing.   A Trustee's Order to Show Cause is scheduled for April 11, 2023.

## POINT I

## <u>THE MARCH 17, 2023 SHERIFF'S SALE OF THE DEBTOR'S PROPERTY IS VALID</u>

13.     The automatic stay of Section 362 takes effect at the time of the bankruptcy petition is filed.  In re Moore, 267 B.R. 111, 117 (Bankr. E.D. Pa. 2001).

14.     The Debtor's bankruptcy petition was filed at 13:58:15 on March 17, 2023.

15.     The hammer fell at the sheriff's sale more than half an hour earlier, at 1:14 p.m.

16.     The automatic stay as it relates to this debtor did not stay the Sheriff's Sale of 48 E Broad St., Bergenfield, NJ 07621.

## POINT II

## CREDITOR IS ENTITLED TO RELIEF VACATING ANY AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(1)

17.    The instant case constitutes not only the third overall bankruptcy filing since inception of the loan, but the second with the sole purpose of stalling the current foreclosure proceedings. The aforementioned bankruptcy filings by the Debtor and subsequent defaults make it clear that the Debtor does not intend to truly participate in the bankruptcy process.

18.    Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

19.    While the term "cause" is not defined in the Bankruptcy Code, "it is well established under decisional law that a debtor's failure to make post-petition mortgage payments in bankruptcy rehabilitation proceedings can constitute cause for relief under § 362(d)(1)." *In re Uvaydov*, 354 B.R. 620, 623 (Bankr. E.D.N.Y. 2006); s*ee, e.g., In re Ellis*, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985); *In re James River Assocs*., 148 N.R. 790, 797 (Bankr. E.D.Va. 1992); *In re Davis*, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986).

20.    Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. In Re Michael Lancelot Taylor, 151 B.R. 646,648 (Bankr. E.D.N.Y. 1993). Here, it is evident that Creditor is not being adequately protected with respect to the Subject Property and that Creditor is entitled to relief from any stay which may be in effect.

21.    As is shown in attached **"Exhibit L"**, Certification RE Post-Petition Payment History the Debtor is contractually due for the May 1, 2020 payment with $126,537.39 in pre-petition arrears and due for the April 1, 2023 post-petition payment in the amount of $3,964.11.

22.     On the basis thereof, it is respectfully submitted that because Creditor lacks adequate protection with respect to the Subject Property, Creditor is entitled to relief from any automatic stay which may be in effect pursuant to 11 U.S.C. § 362(d)(1).

## POINT III

## CREDITOR IS ENTITLED TO IN REM RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)

23.     Pursuant to 11 U.S.C. § 362(d)(4), courts are empowered to grant in rem relief from a stay affecting a creditor's property, such that any and all future filings by any party with a claimed interest in the property will not operate as an automatic stay for a period of two years.  *See, e.g., In re Wilke*, 429 B.R. 916, 922 (Bankr. N.D. Ill. 2010); *In re Blair*, 2009 WL 5203738, *4 (Bankr. E.D.N.Y. 2009); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009).

24.     Because the stay attaches to the property, rather than to the filing parties, "in rem relief is a particularly effective method to combat tag-team serial filers who seek to prevent foreclosures." *In re Selinsky*, 365 B.R. 260, 264 (Bankr. S.D.Fla. 2007); *see In re Roeben*, 294 B.R. 840, 846 (Bankr. E.D.Ark. 2003); *In re Graham*, 1998 WL 473051, *2 (Bankr. E.D.Penn. 1998).

25.     To obtain in rem relief, a creditor must provide evidence that: (i) a debtor or a group of debtors has made prior bankruptcy filings as part of a scheme; (ii) the object of which was to delay, hinder, or defraud creditors; and (iii) which involves either the transfer of some interest in the real property without the secured creditor's consent or court approval or multiple bankruptcy filings affecting the property.  *See In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870-71 (7th Cir. BAP 2012).  Further, it is well-settled that the mere timing and filing of multiple prior bankruptcy cases by related debtors permits the inference of a scheme to hinder, delay, and defraud a creditor.  *See, e.g., Blair*, 2009 WL 5203738 at *4, *citing Montalvo*, 416 B.R. at 387.

26.     Analyzing an identical set of circumstance, the Court in *Blair* (*id*. at \*4-5) granted

in rem relief and found that:

> Here, Debtors have neither filed nor confirmed a chapter 13 plan.  None of their
> chapter 13 cases were prosecuted to any meaningful extent.  The timing and
> sequence of the filings is also significant.  Each was filed on the eve of or shortly
> before significant events affecting the Property.  The uncontroverted record of the
> filings and lack of any good faith prosecution of each of Debtors' prior cases allows
> this Court to draw a permissible inference and find that the instant petitions were
> part of a scheme of Debtor to hinder, delay, and defraud [creditor] BAC.

> Therefore, this Court will enter an Order such that any future bankruptcy filings by
> either of the Debtors, or any other person having an interest in the Property, will
> not operate as a stay of any action against the Property for a period of two years
> after the date of the entry of the orders hereon.

27.     The Debtor has not made a meaningful attempt to prosecute any of the prior

bankruptcy cases.

28.     Accordingly, Creditor is irrefutably entitled to in rem relief from any further

bankruptcy filings with respect to the Mortgaged Premises for a period of at least two years

pursuant to 11 U.S.C. § 362(d)(4)(B).

## POINT III

### CREDITOR IS ENTITLED TO A WAIVER OF THE STAY PROVISION OF FED. R. BANKR. PR. 4001(a)(3)

29.     Fed. R. Bankr. Pr. 4001(a)(3) provides that "any order granting movant relief

from an automatic stay…is stayed until the expiration of 14 days after the entry of the order

unless the court orders otherwise."

30.     In light of Debtor's demonstrated bad faith and unjustified resistance to Creditor's

lawful right to sell the Subject Property, it is clear that no purpose would be served by staying

the requested relief any longer. As such, it is respectfully requested that Creditor is entitled to a

waiver of the stay provision of Fed. R. Bankr. Pr. 4001(a)(3).

**WHEREFORE**, it is respectfully submitted that this Court should grant Creditor's Motion

for Relief, along with such other and further relief as is deemed to be just, proper, and equitable.

Dated: Garden City, NY
     April 7, 2023

By: /s/ Jason Schwartz, Esq.
Jason Schwartz, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for SN Servicing Corporation as
Servicer for U.S. Bank Trust National Association
as Trustee of the Cabana Series III Trust
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150